IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM RAY PALMER, JR.,

    Petitioner,               No. 2:11-cv-3426 GGH P

    vs.

MATTHEW CATE,

    Respondent.            ORDER

                                   /

        Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This case is before the undersigned pursuant to both parties' consent. Docs. 9, 12. Respondent filed an answer and despite being provided two extensions petitioner has not filed a traverse. However, petitioner filed a motion to stay with leave to amend in order to exhaust a new claim he states he recently discovered. Respondent opposes the motion.

        Petitioner was convicted of two counts of corporal injury on a spouse and criminal threats. Evidence of prior acts of domestic violence against a different victim was admitted at trial. Petitioner seeks a stay to exhaust a new claim resulting from what petitioner describes as newly discovered evidence and then leave to amend. The new evidence involves the prior acts of domestic violence and the prior victim, not the charged conduct in the instant case. Petitioner alleges that the evidence demonstrates that the prior victim was coerced into testifying and

1

threatened with perjury if she refused and the prosecution was aware of this and failed to disclose the information. Respondent contends that the claim is not potentially meritorious and is time-barred as it could have been discovered earlier, especially as petitioner had two investigators work on the case during trial, and the claim cannot relate back to the claims from the petition. However, it would be possible for this claim to be timely once exhausted as it could be considered newly discovered evidence pursuant to 28 U.S.C. § 2224(d)(1)(D). At this stage, the court is not evaluating the merits of the purported new evidence or if it even is newly discovered evidence that could not have been discovered earlier.[1]

In Rhines v. Weber, 544 U.S. 269, 125 S.Ct. 1528 (2005) the United States Supreme Court found that a stay and abeyance of a mixed federal petition should be available only in the limited circumstance that good cause is shown for a failure to have first exhausted the claims in state court, that the claim or claims at issue potentially have merit and that there has been no indication that petitioner has been intentionally dilatory in pursuing the litigation. Rhines, supra, at 277-78.

As it is at least possible that this could be a meritorious claim of fraudulent evidence, a Rhines stay will be granted and petitioner shall inform the court within twenty-eight days of the new claim being exhausted in state court and petitioner must then file an amended petition at that time containing all the claims.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion to stay (Doc. 25) is granted and this case shall be administratively closed; and

\\\\\

---

[1] The newly discovered evidence was presented in a signed declaration from petitioner's mother. Petitioner's mother indicates that she had a conversation with the prior victim's current husband, who indicated that the prior victim was coerced into testifying. There is no declaration or statement from the prior victim, only the declaration from petitioner's mother that contains one or perhaps even two levels of hearsay.

1    2. Petitioner shall inform the court within twenty-eight days of the new claim
2  being exhausted in state court and then petitioner must file an amended petition at that time
3  containing all the exhausted claims.
4  DATED: September 25, 2012

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH: AB
palm3426.sta