IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM RAY PALMER, JR.,

    Petitioner,        No. 2:11-cv-3426 GGH P

    vs.

MATTHEW CATE,

    Respondent.        ORDER
_____/

        Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This case is before the undersigned pursuant to both parties' consent. Docs. 9, 12. On September 26, 2012, this case was stayed and administratively closed at petitioner's request so he could exhaust further claims. On October 12, 2012, petitioner filed a motion for a court order to stop his transfer to another prison, potentially out of state. Petitioner states this will interfere with his ability to exhaust his additional claims.

        Petitioner is informed that claims concerning the conditions of one's confinement are properly raised in a civil rights complaint filed pursuant to 42 U.S.C. § 1983, which provides a remedy for violation of civil rights by state actors. A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), quoting Preiser v. Rodriguez, 411 U.S. 475, 485 (1973);

Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.  The Rules Governing Section 2254 Cases do not provide for this type of relief .[1]  Thus, petitioner must bring this claim in a civil rights action after the inmate grievance process has been properly exhausted.

Plaintiff is also informed that the Constitution does not guarantee a prisoner placement in a particular prison or protect an inmate against being transferred from one institution to another.  Meachum v. Fano, 427 U.S. 215, 223–225 (1976); Rizzo v. Dawson, 778 F.2d 527 (9th Cir. 1985) (prison authorities may change a prisoner's "place of confinement even though the degree of confinement may be different and prison life may be more disagreeable in one institution than in another" without violating the prisoner's due process rights).

The undersigned is not finding that a proposed transfer could never infringe on one's right to pursue a habeas action.  If it were shown that the court would lose jurisdiction, either legally or practically, i.e., that the prosecution of a habeas action would become next to impossible, the habeas court might well be able to take measures to preserve its jurisdiction.  However, the facts asserted here are far from meeting such a standard.

Accordingly, IT IS HEREBY ORDERED that petitioner's motion (Doc. 29) is denied.

DATED: October 17, 2012

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH: AB - palm3426.ord2

---

[1] Nor would rule 23(a) of the Federal Rules of Appellate Procedure apply.  That rule provides, in pertinent part  "[p]ending review of a decision in a habeas corpus proceeding ... the person having custody of the prisoner must not transfer custody to another unless a transfer is directed in accordance with this rule."  It does not prevent transfer in this case; by its own terms, the rule "applies only when a habeas action is before the court of appeals on review of a district court's decision." Mitchell v. McCaughtry, 291 F.Supp.2d 823, 835 (E.D.Wis. 2003).