IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM RAY PALMER, JR.,

    Petitioner,                      No. CIV S-11-3426 GGH P

    vs.

MATTHEW CATE,

    Respondent.                    ORDER

_____/

        Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This court previously granted petitioner's motion to stay in order to exhaust a new claim resulting from what petitioner termed newly discovered evidence. Upon exhaustion, petitioner filed an amended petition, and the stay was lifted. Petitioner has now filed a "motion requesting that the court call and interrogate relevant witnesses pursuant to Federal Rules of Evidence, Rule 614, et al.," in regard to the newly exhausted claim. Respondent has filed an opposition, followed by the filing of a supplement to its previous answer. Petitioner has not yet filed a traverse.

        The court construes petitioner's motion as a request for evidentiary hearing. Pursuant to 28 U.S.C. § 2254, an evidentiary hearing is appropriate under the following circumstances:

    (e)(2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that-

      (A) the claim relies on-

        (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

        (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and

      (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense[.]

Under this statutory scheme, a district court presented with a request for an evidentiary hearing must first determine whether a factual basis exists in the record to support a petitioner's claims and, if not, whether an evidentiary hearing "might be appropriate." Baja v. Ducharme, 187 F.3d 1075, 1078 (9th Cir. 1999). See also Earp v. Ornoski, 431 F.3d 1158, 1166 (9th Cir. 2005); Insyxiengmay v. Morgan, 403 F.3d 657, 669-70 (9th Cir. 2005). A petitioner requesting an evidentiary hearing must also demonstrate that he has presented a "colorable claim for relief." Earp, 431 F.3d at 1167 (citing Insyxiengmay, 403 F.3d at 670, Stankewitz v. Woodford, 365 F.3d 706, 708 (9th Cir. 2004) and Phillips v. Woodford, 267 F.3d 966, 973 (9th Cir. 2001)). To show that a claim is "colorable," a petitioner is "required to allege specific facts which, if true, would entitle him to relief." Ortiz v. Stewart, 149 F.3d 923, 934 (9th Cir. 1998) (internal quotation marks and citation omitted).[1]

Until this court has the opportunity to conduct a thorough review of the potential merits of petitioner's claims, the court cannot determine whether there is a factual dispute necessitating an evidentiary hearing or supplementation of the record in this case. Following such a review, the court will *sua sponte* issue an order for an evidentiary hearing should it find

---

[1] In addition, the Supreme Court has recently held that federal habeas review under 28 U.S.C. § 2254(d)(1) "is limited to the record that was before the state court that adjudicated the claim on the merits" and "that evidence introduced in federal court has no bearing on" such review. Cullen v. Pinholster, 563 U.S. ___, ___, 131 S. Ct. 1388, 1398, 1400 (2011).

that such a hearing is necessary. Accordingly, the request for an evidentiary will be denied at this time without prejudice to its *sua sponte* renewal by the court.[2]

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's "motion requesting that the court call and interrogate relevant witnesses," filed December 17, 2012, (dkt. no. 40), is denied without prejudice to the court's *sua sponte* reconsideration should the court conclude that an evidentiary hearing is necessary upon consideration of the merits of petitioner's claims.

2. Petitioner shall file a traverse within thirty days of this order.

DATED: January 10, 2013

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:076
palm3426.ev

---

[2] To the extent petitioner's request can be construed as a request for discovery, it is also denied as premature. Petitioner is advised that parties in a habeas proceeding are not entitled to discovery as a matter of course. Bracy v. Gramley, 520 U.S. 899, 904 (1997); Bittaker v. Woodford, 331 F.3d 715, 728 (9th Cir.), cert. denied 540 U.S. 1013 (2003). Rather, "[a] party shall be entitled to invoke the processes of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of his [or her] discretion and for good cause shown grants leave to do so, but not otherwise." Rule 6(a), Rules Governing § 2254 Cases. See also Bracy, 520 U.S. at 904. Good cause is shown "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." Bracy, 520 U.S. at 908-09 (quoting Harris v. Nelson, 394 U.S. 286, 300 (1969)). See also Pham v. Terhune, 400 F.3d 740, 743 (9th Cir. 2004). Nonetheless, in order to obtain discovery a petitioner need not demonstrate that he will prevail on the claim underlying the discovery request. See Bracy, 520 U.S. at 909; Pham, 400 F.3d at 743. A request for discovery "must also include any proposed interrogatories and requests for admission, and must specify any requested documents." Rule 6(b), Rules Governing § 2254 Cases. Federal courts have "the power to 'fashion appropriate modes of procedure,' including discovery, to dispose of habeas petitions 'as law and justice require[.]'" Bracy, 520 U.S. at 904 (citations omitted) (quoting Harris, 394 U.S. at 299-300). See also Bittaker, 331 F.3d at 728. Finally, the Supreme Court has recently held that in habeas cases governed by 28 U.S.C. § 2254(d)(1), federal courts generally cannot consider evidence that was not before the state court. See Cullen v. Pinholster, ___U.S.___, ___, 131 S. Ct. 1388, 1398 (2011). The impact of that holding on the availability of discovery in connection with federal habeas proceedings is an issue that has not yet been fully resolved. See Steele v. Warden, San Quentin State Prison, No. Civ. S-03-0143 GEB CKD, 2011 WL 4006527, at *1-2 (E.D. Cal. Sept. 8, 2011).